# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| MILTON EVANS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV611-026 |
| BRANCH BANKING & TRUST,[1] | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On July 21, 2011, the Court ordered plaintiff Milton Evans to show cause why his case should not be dismissed for his failure to attend a Fed. R. Civ. P. 26(f) conference and submit a joint Rule 26(f) report. (Doc. 27.) Evans explained that he had been detained and could not attend the conference. (Doc. 29.) The Court accepted Evans' explanation, but on August 22, 2011 it directed him to meet with defendant's counsel "within 14 days" and submit a *"joint* [Fed. R. Civ. P.] 26(f) report within 7 days of that meeting." (Doc. 31 (emphasis in

---

[1] The docket reflects that Sarah Wyeth, Kate Simpson, The Geheren Firm, P.C., and Patrick Green, are still live defendants. Evans, however, names only Branch Banking & Trust in his latest amended complaint. (Doc. 33.) Accordingly, the Clerk is **DIRECTED** to terminate the above named defendants.

original).) It warned Evans that his failure to do so would result in the dismissal of this action. As of the date of this Order, the parties still have not met for a Rule 26(f) conference or submitted a Rule 26(f) report.

Evans moved for production of documents on November 8, 2011. (Doc. 36.) Defendant Branch Banking & Trust ("BB&T") notes in its response that discovery has not begun since there has been no Rule 26(f) conference. (Doc. 37); *see* Fed. R. Civ. P. 26(a)(1)(C) (initial disclosures must be made within 14 days after the Rule 26(f) conference; hence, the Rule 26(f) conference starts the discovery period). Moreover, Evans failed to accompany his motion with a certificate of good faith, as required by Fed. R. Civ. P. 37(a)(1). BB&T also explains that it attempted to contact him at his e-mail address to set up a conference, but he never responded. (*Id.* at 2.) The e-mail itself is attached and dated August 29, 2011. (Doc. 37-1 at 2.)

Evans filed another motion to compel production on December 1, 2011. (Doc. 38.) He accompanied that with a reply to BB&T's response. (*Id.* at 4.) He claims that BB&T sent its e-mail to the wrong

address. It used milton19982000@ymail.com, but his contact e-mail address is actually milton19982000@yahoo.com. (*Id.*) Evans, however, had earlier sent e-mails from the ymail.com address, and he explicitly advised BB&T's attorney to "communicate through this email milton19982000@ymail.com." (Doc. 32 at 6.) He points to a later "notice to the court," which lists the yahoo.com e-mail address. (*See* doc. 30 (notice to the Court that he had changed his physical and e-mail addresses).) In a later, out-of-time response,[2] Evans reiterates his position and also states that he attempted to contact defendant's attorney at some unspecified time in September 2011 but was unsuccessful. (Doc. 39 at 2.) He also submitted an untimely good faith certification in an effort to salvage his motion for production of documents. (Doc. 40.)

The Court rejects Evans' explanation. Defendant made an attempt to contact Evans at an e-mail address he *told* it to use, but Evans never responded. He does he dispute that he controls the ymail.com address or deny that he received BB&T's e-mail asking for

---

[2] Evans titled it as a "motion for reconsideration," but it is actually a late reply to defendant's response to his motion for production of documents.

3

him to set a time to meet for a Rule 26(f) conference. At best, it appears that he failed to check that e-mail because he had switched back to his yahoo.com account. But even if defendant dropped the ball, Evans, as plaintiff, is responsible for prosecuting this action. *See* S.D. Ga. LR41(b). He has not shown the Court that he took any proactive steps to contact defendant in order to schedule a Rule 26(f) conference during the 14 day period set forth in the Court's August 22, 2011 Order. (Doc. 31.) His vague assertion that he contacted defendant sometime in September (doc. 39 at 2) is inadequate in that regard.[3] A diligent plaintiff faced with such a situation would have noticed the Court that he could not comply with its instructions.

Since Evans has twice failed to meet with defendant's counsel and prepare a Rule 26(f) report, the Court recommends that this case be **DISMISSED** without prejudice. His discovery motions (docs. 36 & 39) are **DENIED**.

**SO REPORTED AND RECOMMENDED** this __12th__ day of

---

[3] While he perfunctorily states that he tried to contact defendant's counsel about the Rule 26(f) conference, he has provided only e-mails showing that he contacted them regarding initial disclosures. (Docs. 39-1, 39-2, & 39-3.) In the last 90 days, he never brought the matter to the Court's attention.

4

January, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA